UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY MILLER, | Civil Action No. 15-2510 (SRC) |
| Plaintiff, | |
| v. | OPINION & ORDER |
| PAUL LAGANA et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendants Valentine Okparaeke, Sharmalie Perera, Deepa Rajiv, Anasuya Salem, Linda Macri, and Rutgers-UCHC (collectively, "Defendants.") For the reasons stated below, the motion will be denied.

The case arises from a dispute between Plaintiff, a prisoner in the custody of the New Jersey Department of Corrections, and Defendants, all state entities and employees, over allegations of medical negligence. The Complaint asserts three claims, of which two are federal constitutional claims pursuant to 42 U.S.C. § 1983, and the third, a medical negligence claim under New Jersey law. Defendants now move for partial summary judgment on the state law claim, contending, in short, that the claim is barred because Plaintiff failed to comply with the notice provisions of the New Jersey Tort Claims Act ("NJTCA.")

Defendants argue two points: 1) Plaintiff failed to timely file the notice of claim with the appropriate state agency; and 2) because Plaintiff failed to provide proper notice of his motion

for leave to file a late notice of claim, the state court order granting such leave should be vacated.

As to the first point, there is no dispute that Plaintiff filed a notice of claim with the New Jersey Department of Treasury, Bureau of Risk Management ("DRM"). Defendants contend that, pursuant to N.J.S.A. § 59:8-7, Plaintiff was required to file the notice of claim with the Attorney General or the Department of Corrections. In opposition, Plaintiff argues that DRM is the State agency tasked with receipt of notices of tort claims against the State, and that service to DRM fulfills the statutory requirement. In support, Plaintiff points to several examples of the notice of claim form provided by various New Jersey state agencies and other sources, which direct the filer to file the form with DRM.[1]

In reply (filed four months late), Defendants dispute the applicability of Plaintiff's cited cases, but do not dispute the factual assertion that the notice of tort claim form provided to Plaintiff by Department of Corrections personnel stated that it should be served on DRM. Defendants do not respond at all to Plaintiff's point, which this Court construes as a concession that it is factually correct. And, remarkably, as an exhibit to their motion, Defendants submitted a copy of Plaintiff's actual notice of claim, which appears to be on a form stating, at the top, that the form should be submitted to the Department of Treasury, Bureau of Risk Management. (Stockdale Cert. Ex. E at 1.) This speaks for itself. As to the issue of whether the notice of claim was sent to the proper State agency, Plaintiff has defeated Defendants' motion for summary judgment.

As to the second point, there is no dispute that Plaintiff moved before the Superior Court of New Jersey for leave to file a late notice of claim, and that his motion was granted.

---

[1] See, e.g., http://www.nj.gov/military/vmh-policies/44-02-004.html.

Defendants contend that the relevant statutory provision, N.J.S.A. § 59:8-9, requires that the motion for leave must be on notice to all parties. Defendants offer no authority to support this argument. Defendants accurately quote N.J.S.A. § 59:8-9:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

There is nothing in this provision that states or implies the notice requirement asserted by Defendants. As to their second point, Defendants have failed to persuade this Court that they are entitled to judgment as a matter of law and, as to this point, the motion for summary judgment will be denied.

For these reasons,

**IT IS** on this 3rd day of February, 2017,

**ORDERED** that Defendants' motion for partial summary judgment (Docket Entry No. 64) is **DENIED**.

                                         s/ Stanley R. Chesler
                                         Stanley R. Chesler, U.S.D.J