# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY MILLER, | Civil Action No. 15-2510 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| PAUL LAGANA et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for partial summary judgment,[1] pursuant to Federal Rule of Civil Procedure 56, by Defendants John Hochberg, Valentine Okparaeke, Sharmalie Perera, Deepa Rajiv, Anasuya Salem, Linda Macri, and Rutgers-UCHC (collectively, "Defendants.") For the reasons stated below, the motion will be denied.

The case arises from a dispute between Plaintiff, a prisoner in the custody of the New Jersey Department of Corrections, and Defendants, all state entities and employees, over allegations of medical negligence. The Complaint asserts three claims, of which two are federal constitutional claims pursuant to 42 U.S.C. § 1983, and the third, a medical negligence claim under New Jersey law. Defendants now move for partial summary judgment on the state law claim, contending, in short, that the claim is barred because Plaintiff failed to comply with the requirements of N. J. S. A. § 2A:53A-27 (the "AOM Statute.") The AOM Statute requires a

---

[1] Although Defendants bring this motion pursuant to Rule 56, their brief asks this Court to "dismiss" the claims. The Court interprets this as a request to enter summary judgment in Defendants' favor on the claims.

plaintiff, in a professional malpractice action for damages, to file an affidavit, known as an affidavit of merit, within 60 days of the filing of the Answer. There is no dispute that Defendants filed an Answer in 2016, and Plaintiff has not filed an affidavit of merit.

In opposition, Plaintiff makes two kinds of arguments in favor of denying the motion: 1) the motion must be denied on the grounds of equitable estoppel as well as laches; and 2) an affidavit of merit is not required because the negligence alleged falls within the common knowledge exception to the affidavit of merit requirement.

At the outset, the Court notes that the Appellate Division has held that " the Affidavit of Merit Statute is not to be read in a purely mechanical fashion." Aster ex rel. Garofalo v. Shoreline Behavioral Health, 346 N.J. Super. 536, 546 (N.J. Super. Ct. App. Div. Jan. 18, 2002).

Plaintiff first argues that Defendants' motion should be denied on equitable grounds because of two kinds of delay: 1) delay in asserting their rights (laches/equitable estoppel); and 2) delay in providing discovery necessary to obtain the affidavit of merit. As to laches, Plaintiff observes that Defendants filed a motion to dismiss in lieu of an Answer on November 23, 2015 and a motion for summary judgment on August 12, 2016, but did not raise the issue of the missing affidavit of merit until they filed the instant motion in June of 2017. Plaintiff argues that Defendants sat on their right to assert the affidavit of merit defense by waiting a year and a half to raise it. In reply, Defendants argue that their Answer, filed July 29, 2016, pleads the AOM Statute as a defense, and that their delay has no bearing on Plaintiff's obligations under the AOM Statute.

Defendants have either overlooked or misunderstood Plaintiff's laches argument. Plaintiff cites the New Jersey Supreme Court's decision in Knorr, where it held:

> Additionally, we hold that defendant's motion to dismiss is barred by the doctrine of laches. That doctrine is invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party. Laches may only be enforced when the delaying party had sufficient opportunity to assert the right in the proper forum and the prejudiced party acted in good faith believing that the right had been abandoned.

Knorr v. Smeal, 178 N.J. 169, 180-81 (2003). Defendants' reply brief discusses Knorr, but overlooks the laches argument. It is true that Defendants pled the AOM Statute defense in their Answer, but this does not address their delay in actually asserting the defense in a dispositive motion. In fact, Defendants' reply brief offers nothing by way of explanation or excuse for their delay. Defendants have offered no basis for this Court to find that their delay is excusable or has a good faith explanation. Nor do Defendants contend that they lacked sufficient opportunity to assert the right before they did.

The last element of laches required by Knorr is prejudice to Plaintiff, and that requirement is easily satisfied: if this Court enters judgment in Defendants' favor on Plaintiff's claims, he has suffered great prejudice. The Court finds that Plaintiff has shown that Defendants have engaged in an inexcusable and unexplained delay in exercising their rights and, pursuant to Knorr, their motion for partial summary judgment is barred by the doctrine of laches. This does not mean that Plaintiff is excused from compliance with the AOM Statute; it means only that the Court will not allow Defendants to enforce their rights under the Statute at this time. Plaintiff will be granted an additional 60 days from the date of this Opinion to comply with the AOM Statute.

Plaintiff also argues that he has repeatedly attempted to obtain from Defendants the records necessary to obtain the affidavit of merit, and that Defendants only provided these

records after they filed the instant motion.[2] In reply, Defendants do not disagree with Plaintiff's factual assertions in this regard. Instead, they point to N. J. S. A. § 2A:53A-28, which excuses Plaintiff from providing the affidavit of merit if he files a sworn statement attesting to Defendants' failure to comply with his discovery request. Defendants argue that this Court should reject Plaintiff's discovery delay argument because Plaintiff did not avail himself of the relief provided by N. J. S. A. § 2A:53A-28.

This Court does not see what one has to do with the other. Plaintiff has made an equitable argument that Plaintiffs should not be allowed to profit from their delay in complying with his discovery requests by withholding discovery until they filed the instant motion for partial summary judgment. Defendants responded with a legal argument which has superficial relevance but which fails to address Plaintiff's equitable point.[3] Defendants have neither disagreed with Plaintiff's assertion that they are seeking to profit from their delays in complying with discovery, nor countered Plaintiff's equitable argument.

In Aster, under analogous circumstances, the Appellate Division stated that:

'A licensed professional should not be permitted to wrongfully withhold records and then also assert that the plaintiff has not stated a cause of action because the plaintiff has failed to provide an affidavit where the records are a necessary

---

[2] In short, Plaintiff alleges that he served interrogatories and document requests on Defendants on January 16, 2016, that Defendants' counsel acknowledged receiving the requests at a conference on February 3, 2016, and that he only received the requested documents on July 26, 2017 – four days after Defendants filed the instant motion for partial summary judgment. Furthermore, Plaintiff has, as of the date of filing his opposition brief, still not received all of the answers to the interrogatories that he served a year and one-half ago. Defendants' reply brief does not dispute these factual assertions.

[3] Plaintiff has asked the Court to use its equity powers to relieve him of the unjust effect of strict application of the law. Defendants' response – to insist on the strict application of the law – misses the point.

4

component in procuring such an affidavit." We agree. Indeed, it is [Defendant's] attempt to use, as both a sword and shield, the absence of the very records it has failed to divulge, which underscores the fundamentally unsound nature of its position.

Aster, 346 N.J. Super. at 543.[4] This Court agrees with Plaintiff that Defendants should not be allowed to profit from their withholding of discovery, and this provides an additional equitable ground to estop Defendants from enforcing their rights under the AOM statute at this time.

As to the second point, the parties agree that New Jersey courts recognize a common knowledge exception to the AOM statute. Quoting the statute, the New Jersey Supreme Court held: "an affidavit need not be provided in common knowledge cases when an expert will not be called to testify 'that the care, skill or knowledge . . . [of the defendant] fell outside acceptable professional or occupational standards or treatment practices.'" Hubbard v. Reed, 168 N.J. 387, 390 (2001). The Court explained: "If jurors, using ordinary understanding and experience and without the assistance of an expert, can determine whether a defendant has been negligent, the threshold of merit should be readily apparent from a reading of the plaintiff's complaint." Id. at 395.

Plaintiff contends that some of his claims fall within the exception: "Defendants took no action regarding his inmate medical request forms,[5] failed to provide him with the medicine he

---

[4] Aster is an interesting case. Although Plaintiff did not raise this point, this Court notes that the Aster court also held that "the effect of [Defendant's] acknowledgment of receipt of plaintiff's requests for documents is to substantially satisfy the statutory requirements in N.J.S.A. 2A:53A-28." Id. at 545 n.6. Thus, were this Court to follow Aster, it could resolve the instant motion by finding that Plaintiff substantially complied with N.J.S.A. 2A:53A-28 on the date Defendants' counsel acknowledged receipt of the requests: February 3, 2016.

[5] The Complaint alleges, in brief, that, in April of 2014, another inmate who was coughing profusely was placed for a short time in Plaintiff's cell, that Plaintiff soon developed flu-like symptoms, that Plaintiff submitted two official forms requesting medical treatment for

was prescribed, and did not transport him to post-operative and similar follow-up appointments that had been ordered." (Pl.'s Opp. Br. 16.)  Defendants reply that, viewed as a whole, Plaintiff has brought a wide-ranging and complex medical malpractice case, and that one cannot contend that the entire medical malpractice case falls within the common knowledge exception.

The Court observes that there is no actual conflict between the parties' positions here: Plaintiff contends that part of the case falls within the common knowledge exception, and Defendants contend that the entire case does not fall within the common knowledge exception. Both are likely correct.  Some of Plaintiff's claims appear to fall within the exception, while others do not, but the Court need not draw the dividing line at this time.  As discussed above, Plaintiff is required to file an affidavit of merit for claims not subject to the exception within 60 days.  After this time has run, Defendants will again have the opportunity, on summary judgment or at trial, to argue that Plaintiff has not met the requirements of New Jersey law as to each claim.

For these reasons,

**IT IS** on this 8th day of August, 2017,

**ORDERED** that Defendants' motion for partial summary judgment (Docket Entry No. 82) is **DENIED**; and it is further

**ORDERED** that Plaintiff has an additional 60 days from the date of entry of this Order to comply with N. J. S. A. § 2A:53A-27.

                                         s/ Stanley R. Chesler
                                         Stanley R. Chesler, U.S.D.J

---

his symptoms but received no treatment, and was subsequently diagnosed with pneumonia. (Compl. ¶¶ 15-19.)